UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLA RUHL, et al., | ) | CASE NO.1:16CV0082 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| STATE OF OHIO DEPARTMENT OF | ) | OPINION AND ORDER |
| HEALTH, ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Richland County Board of Developmental Disabilities' Motion to Stay (ECF # 6) and Motion to Consolidate (ECF # 14); Plaintiffs' Motion for Summary Judgment (ECF # 21) and Richland County's Motion for Affirmance of Dismissal (ECF # 22). For the following reasons, the Court affirms the hearing officer's dismissal of Plaintiff's Second Administrative Due Process Complaint (or Second Complaint) as an improperly filed Amended Complaint. Therefore, the Court dismisses the above-captioned case.

Plaintiffs filed their Complaint on January 13, 2016. The Complaint is an appeal of an administrative decision issued on December 22, 2015, dismissing Plaintiffs' Second

Administrative Due Process Complaint. According to Plaintiffs Nicola and Gary Ruhl, their four year old son, W.R., suffers from autism. Plaintiffs allege that from ages 30-36 months, the Help Me Grow system, a component of the Individuals with Disabilities Education Act ("IDEA") failed to provide W.R. the full extent of the therapeutic services required under W.R.'s Individualized Family Services Plan ("IFSP").

According to Plaintiffs, W.R. was the first child in Ohio to receive an IFSP when he was 30 months old. The IFSP authorized applied behavior analysis therapy ("ABA"), speech therapy and language therapy. It identified an ABA provider and the Help Me Grow system committed to funding the services. According to Plaintiffs, Defendants Richland County Board of Developmental Disabilities and the State of Ohio's Department of Health ("ODH") provided services well below the IFSP authorized level of services. Plaintiffs seek reimbursement for the difference between the authorized services and those actually provided. Plaintiffs contend W.R. received only 453.25 hours of ABA therapy out of an IFSP authorized 1,160 hours and received only 16 speech therapy sessions out of 216 authorized speech therapy visits over a six month period running from December 2013 to June 2014. Children age out of the Help Me Grow program at age three and local school districts assume responsibility thereafter under the IDEA.

Plaintiffs had previously filed a Complaint in federal court on September 18, 2014, alleging denial of early intervention services by the State of Ohio, Wendy Grove, Ohio's IDEA Part C Coordinator and the United States Department of Education. Plaintiffs alleged improper denial of early intervention services including denial of ABA therapy and compensatory services and reimbursement for these services, resulting in a systematic

violation of Part C of the IDEA and other laws. The district court dismissed Plaintiffs' Complaint for failure to exhaust administrative remedies under the IDEA. Plaintiffs appealed and the Sixth Circuit subsequently affirmed dismissal.

Plaintiffs then filed a First Administrative Due Process Complaint in September 2015 after dismissal of their federal Complaint. Plaintiffs' First Complaint alleged W.R., along with all children throughout the State of Ohio who had autism, were denied federally mandated early intervention services and were denied compensatory service funding to remedy past unlawful conduct. Plaintiffs alleged Ohio refused to provide ABA therapy and denied compensatory services awards designed to place disabled children in the same developmental position they would have been in had they not been deprived of such services. In their prayer for relief under the First Complaint, Plaintiffs sought a declaration that the Defendants violated the rights of infants and toddlers with disabilities by excluding ABA therapies for early intervention services; sought compensatory services funding to achieve developmental levels W.R. would have achieved had he not been denied early intervention services; reimbursement for amounts Plaintiffs paid for services Defendants refused to provide, along with fees, costs and compensatory and punitive damages.

On October 25, 2015, during the First Complaint proceedings, Plaintiffs requested an Order identifying claims to be heard and decided by the hearing officer since many of the claims brought by Plaintiffs were outside the scope of the hearing officer's authority. The hearing officer set a hearing for December 7, 2015, and determined that the scope of the hearing would be "whether WR was appropriately provided early intervention services under the IDEA Part C during the two year period preceding the filing of the due process

Complaint.  If services were not appropriately provided, then the decision would also address compensatory services." (Decision on Motions Filed by ODH and Richland Newhope ECF # 1-2 pg 3).[1]

Four days prior to the December 7, 2015 hearing on the First Complaint, Plaintiffs filed a Second Complaint on December 3, 2015.  Under the Second Complaint, Plaintiffs allege W.R. was denied a substantial amount of the therapies he was authorized under a 2013 IFSP.  The Second Complaint seeks compensatory services for W.R. for the difference between the therapies he was authorized to receive and those he actually received, along with costs and fees.  Plaintiffs sought to consolidate their two Complaints at the hearing set for December 7, 2015.  According to Plaintiffs, this Second Complaint was filed pursuant to 34 C.F.R. § 303.441.  Plaintiffs contend 34 C.F.R. § 303.445(c) authorizes the filing of a separate due process complaint even if a family has a due process complaint already pending.  The First Complaint addressed deficiencies in therapy offered to all children in Ohio.  The matter concerned W.R.'s deprivations of early intervention therapies prior to his turning 30 months of age.  Plaintiffs contend the hearing officer dismissed their Second Complaint at the December 2015 hearing in violation of the law when she declined to hear the arguments because they were not part of the First Complaint and were an attempt to improperly amend the First Complaint.

In February 2016, Plaintiffs filed a Motion to Expedite the case because the denial of W.R.'s full authorized benefits negatively impacts his development.  Defendants opposed the

---

[1]  According to Defendant Richland, Richland Newhope and Richland County Board of Developmental Disabilities are the same entity. (ECF # 24 pg. 1).

Motion and the Court denied the Motion. In March 2016, Defendants filed a Motion to Stay Proceedings to allow the appeal of the First Complaint, now with the Sixth Circuit, to play out. Plaintiffs oppose that Motion. Defendant Richland also moves to consolidate this action with a subsequently filed action concerning a more recent alleged denial of authorized therapies. Both parties seek a determination by the Court whether the hearing officer properly dismissed Plaintiffs' Second Complaint.

"The IDEA provides that a party aggrieved by the findings and decision of the administrative law judge has a right to bring a civil action in federal court. 20 U.S.C. § 1415(i)(2). The court shall receive the record of the administrative proceedings, hear additional evidence if the parties make such a request, and, basing its decision on the preponderance of the evidence, grant appropriate relief." *A.U., ex rel. N.U. v. Roane Cty. Bd. of Educ.*, 501 F. Supp. 2d 1134, 1140 (E.D. Tenn. 2007) citing 20 U.S.C. 1415(i)(2). Under the heading Separate Due Process Complaint the applicable CFR reads, "Nothing in §§ 303.440 through 303.449 precludes a parent from filing a separate due process complaint on an issue separate from a due process complaint already filed." 34 C.F.R. § 303.445.

According to Defendants, the hearing officer properly determined Plaintiffs' Second Complaint was merely an attempt to improperly amend their pending First Complaint. According to the hearing officer, Plaintiffs' Second Complaint seeks the same determination as the First - i.e. the appropriate provision of early intervention services to W.R. under IDEA Part C. The hearing officer's ruling on the scope of the December 7, 2015 hearing specifically encompassed the denial of early intervention services for the time period covering both the First and Second Complaints and noted that the parties had litigated the entire two

year period encompassing both Complaints during the litigation of the First Complaint. The same issues and the same parties were in both Complaints. According to the hearing officer, the only added component in the Second Complaint is an additional remedy (additional compensatory services). The hearing officer held that 34 CFR § 303.441(d)(3), permits amendment either with the opposing party's consent or with the permission of the hearing officer and permission is granted not later than five days before the due process hearing begins. Defendants never consented and Plaintiffs never sought permission of the hearing officer to amend. Because the Second Complaint was filed only two business days before the hearing, the hearing officer determined no right to amend existed and the Second Complaint did not seek a determination of an issue separate from that litigated in the First Complaint.

Therefore, the issue before the Court is simply whether Plaintiffs' Second Complaint alleges an issue separate from the issues in Plaintiffs' First Complaint. There is no dispute that the Ruhls, Richland and ODH were parties to both Complaints. The hearing officer determined that the matters before her in the First Complaint involved the denial of early intervention services for the two years prior to the September 2015 Complaint. This two year look back clearly encompassed the mid December 2013 to June 2014 time period of the Second Complaint.

The First Complaint broadly encompassed the denial of early intervention services for this two year period. This included the ABA therapies Plaintiffs allege W.R. was denied in both Complaints. The only difference in the Complaints is that Plaintiffs seek an additional remedy for speech therapies it alleges Defendants failed to provide. Plaintiffs argue their First Complaint sought relief for pre-December 2013 failures to provide early intervention

services. However, contrary to Plaintiffs' representation, its First Complaint contains no such time restriction. In fact, it incorporates the 2014 Complaint filed with the District Court, which alleges, "It is also uncontroverted that the Defendants systemically chose to deprive W.R. of essential applied behavior analysis therapy during the most critical developmental time of his life until he turned 2 1/2 years old and now systemically continues to deprive him of compensatory services." (14-2075 Complaint at 7). The December 2015 Second Complaint seeks "from the Help Me Grow system as compensatory services for (W.R.) funding for the difference between the amount of IFSP authorized ABA therapy and speech therapy for (W.R.) and the actual much lower amount Mrs. Ruhl was able to achieve for her son." (Second Complaint pg. 2).

When a claim is brought under IDEA, the Court must afford due weight to the state administrative proceedings. *Bd. of Educ. of Hendrick Hudson Sch. Dist. v. Rowley,* 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). The Court must "review questions of law *de novo,* though some deference may be owed where the agency is reasonably interpreting the statutes it is charged with administering." *R/T 182, LLC v. F.A.A.*, 519 F.3d 307, 309 (6th Cir. 2008).

Upon consideration of the record, the Court holds the hearing officer's ruling that Plaintiffs' Second Complaint was merely an attempt to improperly amend its First Complaint was not contrary to law. Based on the claims, parties and remedies sought in both Complaints, the Court agrees with the hearing officer that the claims in Plaintiffs' Second Complaint were largely subsumed in the First. There was no limiting time frame found in the First Complaint and even if there were, the hearing officer's decision on motions filed by

ODH and Richland clearly stated she intended to consider whether W.R. was provided early intervention services under the IDEA Part C during the period running from the Complaint of September 2015 back two years.  This time frame clearly encompassed the time frame of Plaintiffs' Second Complaint.  The hearing officer further stated her intent to determine whether all early intervention services were provided and if not, what compensatory services should be provided.  Both of these issues address the substance of Plaintiffs' Second Complaint.  While the parties do not perfectly align from the First Complaint to the Second Complaint, it is only because Wendy Groves, the IDEA administrator was named in the First but not the Second Complaint.  This is immaterial because the ODH and Richland were parties to both Complaints.

      Therefore, for the foregoing reasons, the hearing officer properly determined Plaintiffs' claims in its Second Complaint were litigated and addressed in proceedings on the First.  Furthermore, the Court agrees that any remedies Plaintiffs' sought should have and could have been brought in the First Complaint either initially when filed or upon a properly requested amendment.  Plaintiffs offer no explanation why they could not have asserted the additional remedy for speech therapies at the time of the filing of the First Complaint.

      The Court believes there exist other grounds to dismiss Plaintiffs' Complaint.  ODH contends Plaintiffs' Second Complaint was improper for failing to comply with the relevant Code of Federal Regulations.  34 CFR § 303.441  requires the following be specifically stated in a due process complaint.

(b) Content of complaint. The due process complaint required in paragraph (a)(1) of this section must include—

(1) The name of the child;

(2) The address of the residence of the child;

(3) The name of the EIS provider serving the child;

(4) In the case of a homeless child (within the meaning of section 725(2) of the McKinney–Vento Homeless Assistance Act (42 U.S.C. 11434a(2)), available contact information for the child, and the name of the EIS provider serving the child;

(5) A description of the nature of the problem of the child relating to the proposed or refused initiation or change, including facts relating to the problem; and

(6) A proposed resolution of the problem to the extent known and available to the party at the time.

Plaintiffs Second Complaint does not allege the names of the therapy providers for speech and ABA and they were not served. Relief could not be granted in the form of compensatory services from these providers because they are not parties to the action. Also, ODH claims Plaintiffs request damages -i.e. funding for the difference between what W.R. was authorized to receive and what he in fact received. This proposed resolution by Plaintiffs is not appropriate under IDEA Part C. Lastly, OHD points out that Plaintiffs failed to include a description of the problem of W.R. relating to the proposed or refused initiation or change.

In accordance with 34 CFR § 303.441(d), ODH filed a timely notice of deficiency with the IHO on December 18, 2015. 34 CFR § 303.441(d)(1) reads:

Sufficiency of complaint.

(1) The due process complaint required by this section must be deemed

sufficient unless the party receiving the due process complaint notifies the hearing officer and the other party in writing, within 15 days of receipt of the due process complaint, that the receiving party believes the due process complaint does not meet the requirements in paragraph (b) of this section.

Because she found the Second Complaint an improper amendment, the hearing officer did not address this issue.

A review of the Second Complaint demonstrates it is deficient, as it does not include the required elements at paragraphs 3, 5 and 6 of 34 CFR § 303.441(b).  This further militates in favor of dismissal.

Therefore for the foregoing reasons, the Court denies Plaintiffs' Motion for Summary Judgment, denies Defendant Richland's Motion to Consolidate and grants Defendant's Motion for Affirmance of Dismissal and dismisses plaintiffs Complaint.

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                United States District Judge

Dated:  March 28, 2017