# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **NICOLA RUHL, et al.,** | ) | **CASE NO.1:16CV0082** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **STATE OF OHIO DEPARTMENT OF HEALTH, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter comes before the Court upon Defendants Ohio Department of Health Brief in support of remand (ECF # 39), Richland County Board of Developmental Disabilities' ("Defendants") Motion to Remand the instant case for Administrative Proceedings (ECF DKT #38) and Plaintiffs Nicola and Gary Ruhls' ("Plaintiffs") Memorandum in Support of the Court's Equitable Jurisdiction (ECF DKT #37). For the following reasons, the Court grants Defendants' Motion to Remand for Administrative Proceedings.

## BACKGROUND

This case arises out of the Defendants' alleged denial of therapeutic services to Plaintiffs' four-year-old autistic son, W.R., from mid-December 2013 until mid-June 2014. Plaintiffs argue that their son's developmental disability was worsened due to Defendants' refusal to provide proper services which were authorized by the Richland County Board of Developmental Disabilities ("Richland"). Plaintiffs state that Richland authorized 1,160 hours of applied behavioral analysis ("ABA") therapy for W.R. but only provided 453.25 hours. Similarly, Plaintiffs allege that W.R. received only 16 speech therapy visits out of the 216 that Richland

authorized.

Plaintiffs initially filed a separate case in this Court against the same Defendants which they claim relates to a different time period and different claims than the current Complaint. When this Court dismissed that case, Plaintiffs filed a First Administrative Due Process Complaint seeking an administrative hearing with the Ohio Department of Developmental Disabilities in September 2015.

In December 2015, the Plaintiffs filed their Second Due Process Complaint. The administrative law judge dismissed Plaintiffs' Second Complaint without holding a hearing based on the contention that the Second Complaint was an improper attempt to amend the First Complaint and contained no new claims.

On January 13, 2016, Plaintiffs filed a Complaint in this Court challenging the ALJ's ruling. The Court affirmed the administrative dismissal. Plaintiffs subsequently appealed this Court's decision and the Sixth Circuit held that the Complaint complied with the formal procedural requirements for raising Plaintiffs' claim under the Individuals with Disabilities Education Act ("IDEA") Part C and therefore, the Plaintiffs were entitled to remand to continue the case. *See Ruhl v. Ohio Health Dept.*, 6th Cir. No. 17-3422, 2018 U.S. App. LEXIS 6124 (Mar. 9, 2018). Plaintiffs now argue that this Court has equitable jurisdiction over the case at bar and it belongs in federal court rather than with an ALJ.

**Plaintiffs' Memorandum in Support of the Court's Equitable Jurisdiction**

Plaintiffs argue that this Court should review the instant case for reasons of equity and efficiency. Plaintiffs contend that this Court has broad discretion under the IDEA and cites to *Sch. Comm. of Burlington v. Mass. Dept. of Educ.*, 471 U.S. 359 (1985). In that case, the Supreme Court held that courts have broad discretion under the IDEA as it pertains to

appropriate relief when designated services were denied.  *See id.* at 369.

Furthermore, Plaintiff cites to language from the IDEA Part C, where Congress declared that there is an "urgent and substantial need.... to enhance the development of infants and toddlers with disabilities, to minimize their potential for potential developmental delay, and to recognize the significant brain development that occurs during a child's first three years of life." 20 U.S.C. 1431(a)(1).  Plaintiff goes on to cite case law in which courts similarly found that the first three years of a child's life are essential and when given the appropriate aid, can decrease the developmental delays in the future.  ECF DKT #37 at 2-3.

**Defendant Ohio Department of Health's Opposition**

The Ohio Department of Health ("ODH") argues that the instant case should be referred back to the Ohio Department of Developmental Disabilities ("DODD") for further administrative proceedings. ODH argues that the case appropriately belongs with the DODD because the "lead agency" has the initial responsibility for conducting a hearing on the due process Complaint. Furthermore, the IDEA requires exhaustion of administrative remedies and contains no provision for IDEA claims to be heard in federal court.  Third, ODH argues that even if Plaintiffs did allege an equitable claim, equity is not a basis for this Court to proceed to judgment, unless the moving party will suffer irreparable harm.  ODH acknowledges that "exhaustion" may not be required when an emergency exists.  However, there is no emergency here; W.R. is currently seven years old and is well beyond the age of the early intervention program. Thus, ODH contends that irreparable harm would not occur in this case.  Lastly, ODH argues that the IDEA does not permit the Court to have a hearing in the first instance.  ECF DKT #39 at 1-4.

Richland County contends the Code of Federal Regulations and Ohio's Administrative

Code all require exhaustion of statutory remedies before a claim may be brought in federal court. Because the state review officer never held a hearing on the claims raised here, there has been no exhaustion of remedies nor has there been created an administrative record upon which the Court could make a determination. Richland points to the relevant CFR and OAC which hold, "before the filing of a civil action under these laws seeking relief that is also available under section 615 of the Act, the procedures under 303.440 and 303.446 must be exhausted to the same extent as would be required had the action been brought under section 615 of the Act." 34 C.F.R. §303.448(e). Ohio adopted this rule as of September 5, 2013. See Ohio Admin. Code § 3701–8–10(F)(3). Richland points the Court to the Sixth Circuit case of *Crocker v. Tennessee Secondary School Athletic Ass'n*, wherein the Court held "only parties 'aggrieved' by the results of the administrative process are granted a right of action in state or federal court." 873 F.2d 933, 934–36 (6th Cir.1989), citing 20 U.S.C. § 1415(e)(2).

## LAW AND ANALYSIS

Plaintiffs admit that they never had an administrative hearing to address the claims contained in their Second Complaint. Plaintiffs effectively admit that they have failed to exhaust their administrative remedies in the case at bar, a prerequisite for bringing a claim under the IDEA.

While Plaintiffs contend that equitable jurisdiction is appropriate in this case, the Supreme Court held in *Morales v. Trans World Airlines, Inc.* that the "basic doctrine of equity jurisprudence [is] that courts of equity should not act... when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. 504 U.S. 374, 381, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992), citing *O'Shea v. Littleton*, 414 U.S. 488, 499, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Younger v. Harris*, 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d

669 (1971). Here, Plaintiffs have an adequate remedy at law: holding an administrative hearing before the DODD. Furthermore, W.R. has aged out of the Defendants' programs and will not suffer irreparable harm if denied equitable relief. Therefore, the Court remands this case back to the DODD for further administrative proceedings.

    IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                United States District Judge

Dated: October 4, 2018